\*CLARA MILDNER AND BENEDICT KEETI v. CINCINNATI.

FORBIDDING DRY CLEANING ESTABLISHMENTS ONLY TO USE GASOLINE IN MUNICIPALITIES IS INVALID REGULATION.

    An ordinance forbidding dry cleaning establishments only from using gasoline within municipal limits is unreasonable against a certain trade or business; if the business is carried on in such manner as to become a nuisance, or is dangerous, offensive or unwholesome as to cause injury or annoyance it is subject to regulation under Gen. Code 3650.

ERROR to common pleas court.

---

\*Reversing, *Mildner* v. *Cincinnati*, 20 Dec. 61; affirmed, no op., 56 Bull. 338.

*David Davis,* for plaintiff in error.
*C. H. Urban,* for defendant in error.

**GIFFEN, P. J.**

The plaintiffs in error were convicted and sentenced to pay a fine of $50 each under an ordinance "To regulate the use of gasoline, naptha, benzole and other light petroleums, and coal tar productions in the dry-cleaning business in the city of Cincinnati, Ohio."

While the provisions of the ordinance are apparently intended to regulate the use of gasoline in the dry-cleaning business, they in effect prohibit such business within the city limits; but even this may be done, if the business of dry-cleaning is a nuisance or so dangerous, offensive, or unwholesome as to cause injury or annoyance. Gen. Code 3650; *White* v. *Kent,* 11 Ohio St. 550; *Hays* v. *St. Marys,* 55 Ohio, St. 197 [44 N. E. Rep. 924].

The manifest purpose of the council in passing the ordinance was to prevent injury to life and property from the use of gasoline or other inflammable material. There is no other element of danger in the business of dry-cleaning; and yet it is notorious that this same element of danger is present in other trades and businesses which this ordinance does not pretend to regulate.

Gasoline stored and used for the purpose of cleaning articles made of iron or steel is just as dangerous as the same quantity of gasoline stored and used for the purpose of cleaning cloth or clothing. At least there is nothing in the record showing any distinction. The ordinance is unreasonable, not because gasoline is harmless, nor because of any want of power in council to regulate its use, but because it unjustly discriminates against a certain trade or business.

For this reason the ordinance is void and the judgment of the court of common pleas will be reversed and the cause remanded to that court with instructions to reverse the judgment of the police court of Cincinnati.

**Smith** and **Swing, JJ.,** concur.